UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Andrew Hantzis,                        :
                                       :
                Plaintiff,             :
        v.                             :        Civil Action No. 08-2190 (CKK)
                                       :
Brenda Grantland *et al.*,             :
                                       :
                Defendants.            :

MEMORANDUM OPINION

In this civil action filed *pro se* by a federal prisoner, plaintiff alleges that defendants

engaged in "a massive criminal conspiracy . . . to confiscate his real properties in California and

have him deported."  Amended Complaint ("Compl.") [Dkt. No. 3] at 2.  The complaint stems

from plaintiff's criminal prosecution and civil forfeiture proceedings in the United States District

Court for the Central District of California.  One of the named defendants, Brenda Grantland,

moves to dismiss the complaint pursuant to various provisions of Rule 12(b) of the Federal Rules

of Civil Procedure and 28 U.S.C. § 1915A [Dkt. No. 9].[1]  Upon consideration of the parties'

submissions and the relevant parts of the record, the Court will grant the movant's motion to

dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(3) for improper

venue.[2]

---

[1]   In addition to Ms. Grantland, plaintiff has named as defendants former President
George Bush, former United States Attorney for the District of Columbia Kenneth Wainstein,
former Director of the Administrative Office for the United States Courts Leonidas Ralph
Mecham, the Drug Enforcement Agency and several California-based individuals who
participated in his court proceedings.  The federal defendants, including the remaining California
defendants, have been granted an extension of time to April 30, 2009, to respond to the
complaint.

[2]   Ms. Grantland moves to dismiss pursuant to Rule 12(b)(1) for lack of subject matter
jurisdiction.  Plaintiff claims, however, that the defendants violated his rights under the due
process clause of the Constitution, thereby stating a basis for federal court jurisdiction under 28
U.S.C. § 1331.

As an attorney in private practice in Mill Valley, California, Ms. Grantland represented the plaintiff and his wife (Compl.) or girlfriend (Def.'s Mot.), Wilma Bloemhof, in the aforementioned civil forfeiture proceedings.  *See* Def.'s Mot. at 2; Compl. ¶ 3.  Plaintiff alleges that Ms. Grantland "entered into [unauthorized] fraudulent stipulations," leaving him without an "available defense" under the Civil Asset Forfeiture Reform Act.  Compl. ¶ 3.  He accuses Ms. Grantland of pressuring Ms. Bloemhof  "to sign the necessary paperwork so that the stipulation and order could be entered" to effect the government's sale of the forfeited property "for $390,000, when it was worth nearly three times that amount."  *Id*. ¶ 7.

Under the circumstances presented, the proper venue for litigating this case against the movant is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391.  Because nothing is alleged to have occurred (or to be situated) in the District of Columbia, Ms. Grantland rightly asserts that this venue is improper for litigating the claims.

In addition, Ms. Grantland rightly argues that this Court lacks personal jurisdiction over her.  Although she remains an active member of the D.C. Bar, Ms. Grantland resides and works in California and has "not regularly practiced in the District since moving to California" in January 1993.  Grantland Decl. ¶ 3.  A court determines whether it may constitutionally exercise personal jurisdiction over a nonresident defendant by determining whether the defendant is subject to jurisdiction under the applicable long-arm statute, and if so, whether exercising jurisdiction is consistent with the constitutional requirements of due process.  *GTE New Media Services Inc. v. BellSouth Corp*., 199 F.3d 1343, 1347 (D.C. Cir. 2000).

Under the District of Columbia's long-arm statute, this Court has jurisdiction over individuals or their agents for claims arising from business transactions, contracts to provide

2

services, or tortious injuries that occurred in the District of Columbia.  D.C. Code  § 13-

423(a)(1)-(4).[3]  Because the plaintiff has the burden of establishing jurisdiction, he "must satisfy

[the statutory] requirements and also establish minimum contacts within confines of due process

before the Court can exercise personal jurisdiction [over the nonresident defendant]."

*Blumenthal v. Drudge*, 992 F. Supp. 44, 53 (D.D.C. 1998).  The Court's exercise of personal

jurisdiction cannot offend  "traditional notions of fair play and substantial justice."  *Cellutech,*

*Inc. v. Centennial Cellular Corp.*, 871 F. Supp. 46, 48 (D.D.C. 1994) *(quoting Dooley v. United*

*Technologies Corp.*, 786 F. Supp 65, 71 (D.D.C. 1992)).  Plaintiff asserts that Ms. Grantland

"has continuously litigated in the District of Columbia and in fact still has a case pending in the

District."  Pl.'s Reply to Defendant Brenda Grantland's Motion to Dismiss the Amended

Complaint Pursuant to Fed. R. Civ. P. Rule 12(b) and Motion for Summary Judgment at 4.

Those assertions, however, are belied by Ms. Grantland's declaration that she has not regularly

practiced in the District of Columbia since 1993, is not  counsel of record for the one case that

---

[3]        The long-arm statute provides in relevant part:

        (a) A District of Columbia court may exercise personal jurisdiction over a
person, who acts directly or by an agent, as to a claim for relief arising from the person's
--
  (1) transacting any business in the District of Columbia;

  (2) contracting to supply services in the District of Columbia;

  (3) causing tortious injury in the District of Columbia by an act or
omission in the District of Columbia;

  (4) causing tortious injury in the District of Columbia by an act or omission outside
the District of Columbia if he regularly does or solicits business, engages in any other
persistent course of conduct, or derives substantial revenue from goods used or
consumed, or services rendered, in the District of Columbia; . . . .

D.C. Code § 13-423(a).

remains from her former practice here, has "never made any money on [that case] and "do[es] not

plan to accept any new cases" here.  Grantland Decl. ¶¶ 3-4.  Plaintiff has not stated any facts to

support this Court's exercise of personal jurisdiction over Ms. Grantland under the District of

Columbia's long-arm statute.  *See Cellutech, Inc.*, 871 F. Supp. at 48 ("[P]laintiff must allege

some specific facts evidencing purposeful activity by defendants in the District of Columbia by

which they invoked the benefits and protections of its laws and specific acts connecting the

defendants with the forum.") (citations omitted).

For the foregoing reasons, the Court grants Ms. Grantland's motion to dismiss pursuant to

Rule 12(b)(2) and (b)(3).  A separate Order accompanies this Memorandum Opinion.


_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: April 1, 2009

4