UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Andrew Hantzis, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 08-2190 (CKK) |
| | : | |
| Brenda Grantland *et al.*, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OPINION

In this civil action brought *pro se*, plaintiff, a federal prisoner, accuses various participants of forfeiture proceedings in the Central District of California of "a massive criminal conspiracy . . . to confiscate his real properties in California and have him deported." Amended Complaint [Dkt. No. 3] ¶ 1. He seeks a writ of mandamus "to compel the United States Attorney to present the 'facts' concerning this alleged criminal wrong doing to the grand jury or for the Court judge to request the grand jury to hear testimony[.]" *Id*. ¶ 14. In addition, plaintiff challenges the Drug Enforcement Administration's ("DEA") response to his request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *Id*. ¶¶ 17-20.

The federal defendants move to dismiss the amended complaint pursuant to Rule 12(b)(1), (b)(2), (b)(3), (b)(5) and (b)(6) of the Federal Rules of Civil Procedure.[1] Because (1) the Court cannot compel a grand jury investigation, (2) plaintiff has failed to exhaust his administrative remedies under the FOIA, and (3) this venue is improper to litigate any other

---

[1] The Court previously dismissed the complaint against the non-federal defendant, Brenda Grantland. *See* Order and accompanying Memorandum Opinion of April 1, 2009 [Dkt. Nos. 20, 21] (granting Grantland's motion to dismiss under Rule12(b)(2) and (b)(3)).

possible claims, the Court will grant defendants' motion to dismiss pursuant to Rule 12(b)(3) for improper venue and Rule 12 (b)(6) for failure to state a claim upon which relief can be granted.[2]

I.  BACKGROUND

Plaintiff alleges that he is "a US National and EU citizen from Australia" whom defendants have "subjected to multiple violations of his Due Process Rights" since 2000.  Am. Compl. ¶ 1.  He accuses dismissed defendant Brenda Grantland--the attorney who defended him in a civil action brought by another defendant, Monica Tait, in the Central District of California-- of allegedly entering into unauthorized "fraudulent stipulations" that waived "any available defense[s][,]" *id*. ¶ 3, and resulted in the sale of his property in California "for $390,000 when it was worth nearly three times that amount[,]" *id*. ¶ 7.

Plaintiff accuses then-prosecutor Stephen Larson of "working behind the scenes and orchestrat[ing] the entire investigation" of plaintiff, which resulted in Larson's "promotion to Magistrate Judge and then ultimately to District Judge" for the Central District of California.[3]  *Id*. ¶ 4.  Plaintiff also claims that Magistrate Judge Larson "ruled on orders in the civil case against Hantzis and his Real Properties in violation of the Code of Conduct for Judges. . . ." *Id*. ¶ 5. Plaintiff accuses United States District Judge Stephen Wilson and "Court Clerk Paul Cruz," both

---

[2]  On September 2, 2009, after the parties' briefing of the pending motion to dismiss, plaintiff moved to file a second amended complaint.  Because the proffered amendment [Dkt. No. 38-3] neither modifies the substance of the first amended complaint nor changes the final outcome, the Court will deny plaintiff's motion to amend the complaint on the ground of futility. *See Elliott v. Federal Bureau of Prisons*, 521 F.Supp.2d 41, 49 (D.D.C. 2007) ("the court may deny as futile a motion to amend a complaint when the proposed complaint would not survive a motion to dismiss.") (citing *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)) (other citation omitted).

[3]  Judge Larson recently resigned from the federal bench.  *See* www.abovethelaw.com (September 17, 2009 posting).

of the Central District of California, of violating his "right to a public trial by rejecting his *pro se* pleadings." *Id*. ¶ 15.  Plaintiff initiated this civil action on December 15, 2008.

Meanwhile, by letter of November 2, 2008, mailed to DEA's office in Los Angeles, California, plaintiff requested records pertaining to himself, Gary Luis Didio, anyone requesting information about him, several real properties and seven vintage vehicles.  Def.'s Mot., Ex. 4 (Declaration of Leila I. Wassom ("Wassom Decl.")), Ex. A.  Plaintiff stated in the request that he was willing to pay up to $200 for copying expenses.  *Id*.  Plaintiff's request was forwarded to DEA Headquarters and received there on December 22, 2008.  Wassom Decl. ¶ 7.  By acknowledgment letter of December 22, 2008, DEA informed plaintiff about its delay in processing requests.  *Id*., Ex. B.  Plaintiff filed an amended complaint on January 12, 2009, adding the FOIA claim.

By letter of March 26, 2009, DEA informed plaintiff that it had conducted "a litigation review" and was providing a response to his request.  *Id*., Ex. C.  DEA neither confirmed nor denied the existence of Didio's records because plaintiff had not provided a third-party privacy waiver or proof of Didio's death, *id*., and it assessed a fee of $445.88 that plaintiff was required to pay in advance of "further processing" of all other requested records.  *Id*.  DEA informed plaintiff that given his agreement to pay $200, he could reformulate the request to reduce the fee "by electing to limit the types of files to which you are requesting . . . and with respect to the asset forfeiture files [containing the property records], by limiting your request to individual property files by specific item."  *Id*. at 4.  Finally, DEA informed plaintiff that if he did not pay within 30 days of his receipt of the letter, it would close his file.  *Id*.  DEA received plaintiff's

payment on April 15, 2009, and "expect[ed] to complete processing in June, 2009 and provide plaintiff with all releasable documents." Wassom Decl. ¶ 10.

## II.  DISCUSSION

1. <u>Writ of Mandamus</u>

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

Plaintiff seeks an order compelling a grand jury investigation, but the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. As a general rule applicable to the circumstances of this case, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995). Moreover, plaintiff "seeks to have the evidence of criminal wrong doing presented to the grand jury under 18 U.S.C. § 3332," Compl. ¶ 14, but no private right of action is available under the criminal statutes. *See Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit*, 248 F. Supp.2d 17, 22 (D.D.C. 2003) ("[T]he plaintiff is precluded from asserting any claims pursuant to 18 U.S.C. § 242 . . . because, as criminal statutes, they do not convey a private right of action."); 28 U.S.C. § 547(1) (stating that the United States Attorney "shall prosecute for all offenses against the United States"). Defendants' motion to dismiss the claim for a writ of mandamus therefore is granted.

    2. FOIA Claim

Defendants assert that plaintiff has failed to exhaust his administrative remedies under the FOIA. As a general rule, a FOIA requester must exhaust administrative remedies by completing the administrative appeal process prior to seeking judicial review. *Oglesby v. Dep't of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990). The court need not dismiss the claim for failure to exhaust if it determines that the "purposes and policies underlying the exhaustion requirement" would not be undermined by reaching the merits. *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004); *see also Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (while exhaustion is not jurisdictional, "as a jurisprudential doctrine, failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance). On the other hand, to proceed on a claim where the agency has not had the opportunity to act would not only undercut the exhaustion requirement but would also encourage circumvention of the administrative process simply by filing a lawsuit. *See Hidalgo*, 344 F.3d at 1259 (exhaustion policy determined to have been frustrated where the FOIA requester filed his lawsuit before "plac[ing] the substance of the FBI's response [applying FOIA exemptions] before the [administrative appellate office]").

Although DEA has begun processing plaintiff's request, it maintains in its reply brief that dismissal is warranted because plaintiff failed to exhaust his administrative remedies. Plaintiff is deemed to have exhausted if he commenced the civil action before DEA responded to his request. *See Oglesby*, 920 F.2d at 65. DEA argues correctly, however, that such is not the case because plaintiff added the FOIA claim after it had acknowledged the request. Thus, it is prudent for plaintiff to exhaust his administrative remedies with respect to the records that are being

5

processed before obtaining judicial review.  The Court therefore grants defendants' motion to dismiss the FOIA claim without prejudice to plaintiff refiling this claim if necessary after DEA has provided him a final determination.

    3.  <u>Improper Venue</u>

Plaintiff's non-FOIA claims are based on events that allegedly occurred in California and the circumstances surrounding the sale of property located there.  Because none of the alleged wrongdoing occurred in the District of Columbia, this Court is not the proper venue for litigating claims arising therefrom.  *See* 28 U.S.C. § 1391 (designating the proper venue under the circumstances presented as the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").  The Court therefore grants defendants' motion to dismiss the non-FOIA claims under Rule 12(b)(3).

### III.  CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss for failure to state a claim for mandamus relief and under the Freedom of Information Act; as to all other claims, the motion is granted on the ground of improper venue.  A separate Order accompanies this Memorandum Opinion.

          _____s/s_____
          COLLEEN KOLLAR-KOTELLY
          United States District Judge

Date: October 30, 2009